UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRENDA L. FRANKLIN,  )
    *Plaintiff*,  )
        )
    *vs.*  )    1:10-cv-00547-JMS-TAB
        )
STATE FARM MUTUAL AUTOMOBILE  )
INSURANCE COMPANY, and ALLY FINANCIAL  )
f/k/a GMAC,  )
    *Defendants.*

## ORDER

In her Amended Complaint, Plaintiff alleges that this Court has § 1332 diversity jurisdiction over this matter. [Dkt. 26.] The Court nevertheless has an affirmative duty to independently ensure that it has jurisdiction to decide the matters presented to it. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") admits Plaintiff's allegations concerning both citizenship and the amount in controversy. [Dkt. 28 at ¶¶ 3-6.] Defendant Ally Financial also admits that diversity of citizenship exists as between itself and plaintiff; however, Ally Financial does not confirm either Plaintiff's assertion that the amount in controversy exceeds $75,000 or Plaintiff's assertion that this Court has § 1332 diversity jurisdiction.[1] [Dkt. 38 at ¶ 5-6.]

Plaintiff's Amended Complaint itself offers little insight into the propriety of either compensatory or punitive damages. With respect to the punitive damages claim in particular, the

---

[1] The Court notes that Defendant Ally Financial incorrectly responds to Plaintiff's sixth allegation, stating, "[Plaintiff asserts that] this Court has original jurisdiction under 28 U.S.C. 1443 . . . ." In fact, Plaintiff alleges in paragraph six that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

Court notes that the Seventh Circuit looks with skepticism upon the possibility of punitive damages to satisfy large portions of the jurisdictional amount. *See Anthony v. Security Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996) ("When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely.") That skepticism is particularly appropriate here given the limitations on punitive damages that the Indiana General Assembly has enacted. *See* Ind. Code § 34-51-3-4 ("A punitive damage award may not be more than the greater of: (1) three (3) times the amount of compensatory damages awarded in the action; or (2) fifty thousand dollars ($50,000)."). And the underlying claim involves a destroyed automobile.

Despite State Farm's admission, [dkt. 28 at ¶¶ 5-6], the Court cannot assure itself that it may exercise diversity jurisdiction over this matter.

The Court therefore **ORDERS** the parties to meet and confer regarding the amount in controversy in this case, and to submit a joint-jurisdictional statement no later than **Tuesday, May 17, 2011**. Defendant Ally Financial must re-file its responsive pleadings to Plaintiff's Amended Complaint accordingly no later than **Tuesday, May 31, 2011**.

05/10/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Alan S. Brown
FROST BROWN TODD LLC
abrown@fbtlaw.com

John B. Drummy
KIGHTLINGER & GRAY
jdrummy@k-glaw.com

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com

Julianne Nixon Sheeks
THE SHEEKS LAW FIRM
jsheeks@sheekslawfirm.com

Michael A. Rogers
FROST BROWN TODD LLC
mrogers@fbtlaw.com